## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MATTHEW HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| RAVEN INDUSTRIES, INC., MARC E. | ) | |
| LEBARON, JASON M. ANDRINGA, | ) | |
| THOMAS S. EVERIST, JANET M. | ) | |
| HOLLOWAY, KEVIN T. KIRBY, LOIS M. | ) | |
| MARTIN, RICHARD W. PAROD, and | ) | |
| DANIEL A. RYKHUS, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on June 21, 2021 (the "Proposed Transaction"), pursuant to which Raven Industries, Inc. ("Raven" or the "Company") will be acquired by CNH Industrial N.V. ("Parent") and CNH Industrial South Dakota, Inc. ("Merger Sub," and together with Parent, "CNH")

2.      On June 20, 2021, Raven's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with CNH.  Pursuant to the terms of the Merger Agreement, Raven's stockholders will receive $58.00 in cash for each share of Raven common stock they own.

3.      On July 19, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Raven common stock.

9.      Defendant Raven is a South Dakota corporation and a party to the Merger Agreement.  Raven's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "RAVN."

10.     Defendant Marc E. LeBaron is Chairman of the Board of the Company.

11.     Defendant Jason M. Andringa is a director of the Company.

12.     Defendant Thomas S. Everist is a director of the Company.

13.     Defendant Janet M. Holloway is a director of the Company.

14.     Defendant Kevin T. Kirby is a director of the Company.

15.     Defendant Lois M. Martin is a director of the Company.

16.     Defendant Richard W. Parod is a director of the Company.

17.     Defendant Daniel A. Rykhus is President, Chief Executive Officer, and a director of the Company.

18.     The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

19.     Raven provides innovative, high-value products and systems that solve challenges throughout the world.

20.     Raven is a leader in precision agriculture, high-performance specialty films, and aerospace and defense solutions, and the Company's groundbreaking work in autonomous systems is unlocking new possibilities in areas like farming, national defense, and scientific research.

21.     On June 20, 2021, Raven's Board caused the Company to enter into the Merger Agreement.

22.     Pursuant to the terms of the Merger Agreement, Raven's stockholders will receive $58.00 in cash per share.

23.     According to the press release announcing the Proposed Transaction:

CNH Industrial N.V. (NYSE: CNHI / MI: CNHI) today announced that it has entered into an agreement to acquire 100% of the capital stock of Raven Industries, Inc. (NASDAQ: RAVN), a US-based leader in precision agriculture technology for US$58 per share, representing a 33.6% premium to the Raven Industries 4-week volume-weighted average stock price, and US$2.1 billion Enterprise Value. The transaction will be funded with available cash on hand of CNH Industrial. Closing is expected to occur in the fourth quarter of 2021, subject to the satisfaction of customary closing conditions, including approval of Raven shareholders and receipt of regulatory approvals.

The acquisition builds upon a long partnership between the two companies and will further enhance CNH Industrial's position in the global agriculture equipment market by adding strong innovation capabilities in autonomous and precision agriculture technology. . . .

Headquartered in Sioux Falls, South Dakota, Raven Industries is organized into three business divisions: Applied Technology (precision agriculture), Engineered Films (high-performance specialty films) and Aerostar (aerospace) with consolidated net sales of US$ 348.4 million for the twelve months ended January 31, 2021. The company is a global technology partner for key strategic OEMs, agriculture retailers and dealers. The transaction is expected to generate approximately US$400 million of run-rate revenue synergies by calendar year 2025, resulting in US$150 million of incremental EBITDA from synergies. . . .

Advisors

Barclays and Goldman Sachs acted as financial advisors to CNH Industrial and Sullivan & Cromwell LLP as its legal advisor. J.P. Morgan Securities LLC acted as financial advisor to Raven and Davis Polk & Wardwell LLP as its legal advisor.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

24.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

25.     As set forth below, the Proxy Statement omits material information.

26.     First, the Proxy Statement omits material information regarding the Company's financial projections.

27.     With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the projections; (ii) a reconciliation of all non-GAAP to GAAP metrics; and (iii) projected unlevered free cash flows and all underlying line items.

28.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan").

30.     With respect to J.P. Morgan's Public Trading Multiples Analysis and Public Trading Multiples Sum-of-the-Parts Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by J.P. Morgan in the analyses.

31.     With respect to J.P. Morgan's Discounted Cash Flow Analysis and Discounted Cash Flow Sum-of-the-Parts Analysis, the Proxy Statement fails to disclose: (i) the unlevered free cash flows used in the analyses and all underlying line items; (ii) the terminal values used in the analyses; (iii) the individual inputs and assumptions underlying the discount rates and terminal growth rates used in the analyses; (iv) Raven's net debt; and (v) the number of fully-diluted shares outstanding of the Company.

32.     With respect to J.P. Morgan's Analyst Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

33.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

34.     Third, the Proxy Statement fails to disclose whether the Company entered into any nondisclosure agreements that contained "don't ask, don't waive" provisions.

35.     The omission of the above-referenced material information renders the Proxy Statement false and misleading.

36.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Raven**

37.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Raven is liable as the issuer of these statements.

39.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

40.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

41.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

42.     The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

43.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

44.     Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants**

45.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of Raven within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Raven and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

49.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

50.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 27, 2021                    **RIGRODSKY LAW, P.A.**

                                    By:   */s/ Gina M. Serra*
                                          Seth D. Rigrodsky
                                          Timothy J. MacFall
                                          Gina M. Serra
                                          Vincent A. Licata
                                          825 East Gate Boulevard, Suite 300
                                          Garden City, NY 11530
                                          Telephone: (516) 683-3516
                                          Email: sdr@rl-legal.com
                                          Email: tjm@rl-legal.com
                                          Email: gms@rl-legal.com
                                          Email: vl@rl-legal.com

                                          *Attorneys for Plaintiff*